UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 4:25-cv-40070-MRG |
| DONALD J. WELCH, JR. and VAN LEWIS, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER ON DEFENDANT WELCH'S MOTION TO DISMISS [ECF No. 5]**

**GUZMAN, J.**

Before the Court is Defendant Donald J. Welch Jr.'s ("Welch," or "Defendant") Motion to Dismiss, or, in the alternative, Motion to Stay Plaintiff Citizens Insurance Company of America's ("Citizens," or "Plaintiff") Complaint for Declaratory Judgment. As grounds, Welch asserts that the litigation underlying his request for indemnification has not been resolved and, therefore, the issue of indemnification is not ripe. For the following reasons, the Court finds that the issue of indemnification is not ripe for adjudication and Defendant's motion, [ECF No. 5], is **DENIED IN PART and GRANTED IN PART**.

I. **BACKGROUND**

   A. **Relevant Facts**

      1. **The Underlying Action**

The Underlying Action arises out of an altercation between Welch and Van Lewis ("Lewis") on the evening of July 15, 2022, while the two were patrons at Mohegan Sun Resort and

1

Casino in Uncasville, Connecticut. [Compl. ¶ 8, ECF No. 1]. At some point during their visit, an altercation arose where Welch allegedly "grabbed [Lewis] by the throat and pushed him causing him to fall backwards in the bar stool and land on the floor striking his back and head against the floor." [Id. ¶ 14]. On June 20, 2023, Lewis filed a three-count complaint against Welch ("the Underlying Action") in Mohegan Gaming Disputes Trial Court for injuries suffered as a result of the altercation, alleging negligence, reckless assault, and intentional assault. [Id. ¶ 5; see Compl. Ex. 1 (Van Lewis v. Donald Welch, Jr., Mohegan Gaming Disputes, Docket No. GDTC-T-23-109-FAM)]. Citizens is not challenging its duty to defend at this stage and has provided a defense for Welch subject to a reservation of its rights. [ECF No. 10 at 10; Compl. ¶ 21].

To date, the Underlying Action is ongoing. At a status conference held on December 29, 2025, the parties updated the Court that the case was still on track for trial and that the trial had already been continued from a previous date. [ECF No. 32]. Separate from the underlying civil suit, Welch was also criminally charged in Connecticut State Court as a result of the altercation with Lewis. [Compl. ¶ 18]. Welch entered a guilty plea on November 15, 2023, for assault in the second degree. [Id. ¶ 19]. Welch was initially charged with misdemeanor breach of the peace but asserts that his ultimate charge of assault in the second degree was an enhancement resulting from factors separate from the level of intent in the conduct, namely, "a prior conviction in 1989, and the worsening of injuries to [Lewis] to the level of 'serious physical injury.'" [ECF No. 14-1; Ex. B (ECF No. 14-3)].

### 2. The Insurance Policy

At the time of the alleged altercation between Welch and Lewis, Welch was insured under a Citizens Homeowners Policy No. 9619554 ("the Policy"). [Compl. ¶ 22]. Under the Policy, "bodily injury" is defined as "bodily harm, sickness or disease, including required care, loss of

2

services and death that results." [Id. ¶ 25]. "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in 'bodily injury.'" [Id. ¶ 26]. The Policy states, in relevant part, that in a claim against Welch for damages for "'bodily injury' . . . caused by an 'occurrence'" Citizens will "[p]ay up to [their] limit for the damages which [Welch] is legally liable" and "[p]rovide a defense" for Welch. [Id. ¶ 27]. The Policy further contains an exclusion for its Personal Liability coverage which states that it "do[es] not apply to 'bodily injury' . . . [w]hich is expected or intended by [Welch]." [Id. ¶ 28].

### B. Procedural History

Citizens filed the present complaint against Welch and Lewis, seeking a declaratory judgment that the Policy does not cover the claims in the Underlying Action, that the Policy excludes coverage for the claims in the Underlying Action, and that Citizens has no duty to indemnify Welch from damages asserted in the Underlying Action. [Id. at 5]. In response, Welch filed a motion to dismiss or, in the alternative, stay Plaintiff's complaint pending resolution of the Underlying Action. [ECF No. 6 at 2].[1] Defendant Welch claims that the declaratory complaint is premature because it was filed "before there is anything to indemnify." [Id. at 6]. Plaintiff filed a response to Defendant's motion to dismiss or stay, claiming that the issue of coverage and indemnification is ripe for adjudication because there is sufficient evidence of the alleged assault, including video evidence, that would show that the Policy does not cover the conduct in the Underlying Action, or that a coverage exclusion of the policy applies. [ECF No. 10 at 4–5]. Additionally, Plaintiff claims that that the Underlying Action's discovery is complete and the "only

---

[1] Defendant Lewis did not file a motion to dismiss.

3

remaining issue is the legal determination as to whether the conduct falls within the risk covered by Citizens' Insurance policy." [Id. at 5].

## II. LEGAL STANDARD

### A. Rule 12(b)(1) Motion

A party challenging whether an action is ripe for adjudication properly raises the issue in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362–63 (1st Cir. 2001). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995), cert. denied, 515 U.S. 1144 (1995)). "If the party fails to demonstrate a basis for jurisdiction, the district court must grant the motion to dismiss." Id. The district court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor" when ruling on a Rule 12(b)(1) motion. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)). A plaintiff cannot assert a proper jurisdictional basis "merely on unsupported conclusions or interpretations of law" or "[s]ubjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts[.]" Murphy, 45 F.3d at 522 (citations omitted). In evaluating whether the party has met its burden of proof, the court "may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000).

### B. Ripeness

As stated, "[c]ourts evaluate motions to dismiss for ripeness under Federal Rule of Civil Procedure 12(b)(1)." Project Veritas Action Fund v. Conley, 270 F. Supp. 3d 337, 340 (D. Mass. 2017) (citing Downing/Salt Pond Partners, L.P. v. Rhode Island & Providence Plantations, 643 F.3d 16, 17 (1st Cir. 2011)). Ripeness doctrine is rooted "in both the Article III case or controversy requirement and in prudential considerations." Sindicato Puertorriqueno de Trabajadores v. Fortuno, 699 F.3d 1, 8 (1st Cir. 2012) (quoting Mangual v. Rotger-Sabat, 317 F.3d 45, 59 (1st Cir. 2003)). The Supreme Court has reinforced that "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. U.S., 523 U.S 296, 300 (1998) (quoting Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580-81 (1985)).

A ripeness analysis considers two factors: "[1] the fitness of the issues for judicial decision and [2] the hardship to the parties of withholding court consideration." Id. The fitness factor has "both jurisdictional and prudential components." Id. The jurisdictional component is "grounded in the prohibition against advisory opinions" and is "one of timing." Sindicato Puertorriqueno, 699 F.3d at 8 (quoting Mangual, 317 F.3d at 59). The prudential component asks, "whether resolution of the dispute should be positioned in the name of 'judicial restraint from unnecessary decision of constitutional issues' if elements of the case are uncertain, [or] delay may see the dissipation of the legal dispute without the need for decision." Mangual, 317 F.3d at 59 (internal citations omitted). The hardship factor is "wholly prudential," and asks, "whether the challenged action creates a direct and immediate dilemma for the parties." Roman Cath. Bishop of Springfield v. City of Springfield, 724 F.3d 78, 90. For a plaintiff to proceed, they "must demonstrate both prongs

of the ripeness inquiry are met." Bigda v. City of Springfield, No. 23-30067, 2024 WL 1886103, at *4 (D. Mass. 2024).

In an action regarding the duty to indemnify where factual issues remain unresolved in an underlying action, the court may stay the claim while awaiting the resolution of the underlying action. See Partington Builders, LLC v. Nautilis Ins. Co., 654 F. Supp. 3d 44, 50 (D. Mass. 2023) (reserving ruling as to insurer's duty to indemnify pending factual determinations of an underlying action). The duty to defend is different than the duty to indemnify. CSX Transp., Inc. v. Massachusetts Bay Transp. Auth., 697 F. Supp. 2d 213, 222 (D. Mass. 2010) (citing Wilkinson v. Citation Ins. Co., 856 N.E.2d 829, 836 (2006)). The duty to defend is "measured by the allegations of the underlying complaint" while the duty to indemnify is "determined by the facts, which are usually established at trial." Narragansett Bay Ins. Co. v. Kaplan, 146 F. Supp. 3d 364, 372 (D. Mass. 2015) (quoting Travelers Ins. Co. v. Waltham Indus. Labs. Corp., 883 F.2d 1092, 1099 (1st Cir. 1989); Partington Builders, 654 F. Supp. 3d at 51 ("The duty to indemnify, unlike the duty to defend, 'depends on actual facts, rather than allegations.'" (quoting OneBeacon Am. Ins. Co. v. Narragansett Elec. Co., 31 N.E.3d 1143, 1156 (Mass. App. Ct. 2015)).

Because the duty to indemnify is determined by the facts, "courts frequently hold that an insurer's duty to indemnify does not become ripe for adjudication until the underlying lawsuit for liability is resolved." Atain Specialty Ins. Co. v. Boston Rickshaw LLC, 387 F.Supp.3d 157, 160 (D. Mass. 2019); Narragansett, 146 F. Supp. 3d at 372 ("a declaratory judgment is not yet ripe for consideration regarding the duty to indemnify where . . . the underlying action has not determined liability or adjudicated factual disputes.") (internal citations omitted); John Beaudette, Inc. v. Sentry Ins. A Mut. Co., 94 F. Supp. 2d 77, 103 (D. Mass. 1999) ("the duty [to indemnify] does not

arise until issuance of a judgment, settlement or final resolution wherein the insured becomes legally obligated to pay damages." (internal citations omitted)).

### III.  DISCUSSION

#### A.  Ripeness

Welch asserts that the current action seeking a declaration on Plaintiff's duty to indemnify him is not ripe, given the underlying action has not concluded. [ECF No. 6 at 6–8]. Plaintiff asserts that Welch's insurance policy does not cover the conduct alleged in the Underlying Action, and that the Court has sufficient information to make a determination that the incident in question is not covered conduct under the Policy. [ECF No. 10 at 4–7]. For the reasons that follow, the Court finds that the Underlying Action has unresolved factual determinations concerning Welch's liability and intent, and, accordingly, the matter is not ripe for adjudication.

Citizens presents three arguments as to why the issue of indemnification is ripe for adjudication. [Id.] First, Citizens asserts, "there is no evidence that Welch's conduct was unintentional or negligent" [Id. at 5]. Citizens also claims that intent can be proven through a recording of the altercation. [Id.] Finally, Citizens claims that Welch's guilty plea to second degree assault for the same underlying incident proves that the issue of indemnification is ripe because intent can be inferred from the mens rea for the criminal charge. [Id.]

##### a. The Underlying Action Has Factual Determinations Regarding Welch's Intent that Remain Unresolved

Under the Policy provided by Citizens, it has a duty to both defend Welch and pay up to its agreed upon limit for damages which he is held liable for "bodily injury" caused by an "occurrence." [ECF No. 1-2 at 17]. These duties are subject to an exclusion if Welch "expected or intended" the injury to occur. [Id.] Considering the Policy in inverse terms, "[g]enerally, an injury

7

'which ensues from the volitional act of an insured is still an 'accident' within the meaning of an insurance policy if the insured does not specifically intend to cause the resulting harm or is not substantially certain that such harm will occur.'" Worcester Ins. Co. v. Fells Acres Day Sch., Inc., 558 N.E.2d 958, 964 (Mass. 1990) (quoting Quincy Mut. Fire Ins. Co. v. Abernathy, 469 N.E.2d 797, 799 (Mass. 1984)). Accordingly, the issue of Welch's intent – specifically whether he intended to cause Lewis's resulting harm or whether it was substantially certain that such harm would occur – is the dispositive question in determining whether the exclusion applies and Citizens is relieved of the duty to indemnify Welch. Citizens alleges that Welch's conduct falls within the Policy's exclusionary clause, claiming that "there is no evidence that Welch's conduct was unintentional or negligent" such that it would fall within the Policy. [ECF No. 10 at 5]. However, the Underlying Action alleges both negligent and intentional causes of action, [see ECF No. 1-1], and there has been no determination as to the intentionality of Welch's actions in the Underlying Action. Further, Citizens "conflates an intentional act with an intended result." Partington Builders, 654 F. Supp. 3d at 51 (citing Hanover Ins. Co. v. Talhouni, 604 N.E.2d 689, 691 (Mass. 1992) ("The focus in these cases is whether the insured 'intended' the injury, not whether the insured 'intended' the act."). It is possible that Welch acted with intent in physically confronting Lewis, but he may not have intended the ultimate injuries that Lewis ultimately sustained.

      **i. The Recording of the Incident is Insufficient to Infer Intentionality**

Plaintiff attempts to demonstrate that question of indemnification is ripe because the altercation was captured on video, and it purportedly demonstrates that Welch's actions were intentional. [ECF No. 10 at 2]. This assertion is challenged by Defendant, who asserts that the issue of intent is "[h]otly [c]ontested in the Underlying Action," providing deposition testimony where Welch claims that he did not intend to injure Lewis. [ECF 14-1 at 2, ECF No. 16-1]. Courts

are permitted infer intent "in only a few cases involving exclusionary clauses." Liberty Mut. Fire Ins. Co. v. Casey, 74 N.E.3d 285, 288 (Mass. App. Ct. 2017). Instances where the court has inferred intent include "striking another in the face," rape, sexual assault, or where such acts are "indistinguishable from any other deliberate assault and battery." Id.; Worcester Ins. Co. v. Fells Acres Day Sch., Inc., 558 N.E.2d 958, 964 (Mass. 1990). While a video might provide insight or context for Welch's state of mind, it is unclear that the evidence provided would be so conclusive that "[i]ntent to injure [may be] inferred as a matter of law." Casey, 74 N.E.3d at 288.[2]

More importantly, the video evidence is not properly before the Court. While the Court "may consider extrinsic materials" in ruling on a 12(b)(1) motion, Dynamic Image Techs., Inc., 221 F.3d at 37, Citizens never filed the video as an exhibit with the Court. The Court declines to simply accept Plaintiff's proffer of what the video shows without itself viewing the evidence. Accordingly, Plaintiff's reliance on the video evidence is misplaced.

### ii. Welch's Guilty Plea does not Preclude the Issue of Intent

Lastly, Plaintiff asserts that this action is ripe for adjudication because Welch has pleaded guilty to assault in the second degree in Connecticut, a charge which requires a mens rea of intent to cause physical injury or recklessness. [ECF No. 10 at 5]; see Conn. Gen. Stat. § 53a-60. Defendant asserts that the plea was not based on the intentionality of his actions, rather on other factors that bear no weight on the determination of his intent.[3] [ECF No. 14-1 at 3–4]. Citizens

---

[2] The parameters for the use of video evidence in summary judgment practice is informative. Video evidence is generally insufficient to support a motion for summary judgment where there is a genuine dispute of facts. See Banks vs. Ashford 1369 Hosp. LLC., No. 23-1055, 2024 WL 3965603 *3 (D.P.R 2024) (interpretation of the video was "left to the trier of fact.") Here, Welch's intent remains a disputed issue of fact.

[3] Welch asserts that his decision to plead was influenced by "a prior conviction in 1989, and the worsening of injuries to the underlying plaintiff to the level of 'serious physical injury' as required for assault in the second degree." [ECF No. 14-1 at 4 (citing Ex. B, Ex. C)].

9

asserts that Welch's plea is evidence that Welch's defense in the Underlying Action is not likely to succeed on the merits, and therefore the issue of indemnification is ripe. [ECF No. 10 at 5]. This conclusion is premature. Someone who has been found guilty at a criminal trial is precluded from relitigating their guilt in a subsequent civil action; however, if the "conviction follows a guilty plea, the plea may be offered as evidence of a defendant's guilt . . . but it is not given preclusive effect." Metro. Prop. & Cas. Ins. Co. v. Morrison, 951 N.E.2d 662, 672 (Mass. 2011) (citing Aetna Cas. & Sur. Co. v. Niziolek, 481 N.E.2d 1356, 1359–60 (Mass. 1985)). Because there are many reasons for entering a guilty plea, "a plea is 'not necessarily conclusive as to the facts admitted.'" Id. (citing Niziolek, 481 N.E.2d at 1362–63). Because Welch plead guilty to assault in the second degree, the issue of his guilt was not litigated at trial. The plea is not evidence that "undisputedly demonstrates that an exclusion applies that negates [Citizens]" duty to indemnify.[4] Id.

### b. A Declaration of Citizens Duty to Indemnify Is Not Ripe

Returning to the ripeness analysis considering the matter's fitness of judicial review and the hardship suffered by the Parties, the Court finds that neither factor supports adjudicating the dispute on the merits at this time. See Roman Cath. Bishop of Springfield, 724 F.3d at 89.

Particularly, in reviewing the jurisdictional component of the fitness factor, it is clear that this matter is not ripe due to unresolved factual determinations in the Underlying Action. See

---

[4] The question addressed in Metro. Prop. & Cas. Ins. was whether an insurer had a duty to *defend* an insured who had entered a guilty plea to a criminal charge for the same events of the underlying civil action. Metro. Prop. & Cas. Ins., 951 N.E.2d at 667–69. Under Massachusetts law "the duty to defend is broader than the duty to indemnify, and therefore, a finding that there is no duty to defend generally 'negates a duty to indemnify.'" NGM Ins. Co. v. Pillsbury, 416 F. Supp. 3d 57, 65 (D. Mass. 2019) (quoting Liberty Mut. Ins. Co. v. Metro. Life Ins. Co., 260 F.3d 54, 62 (1st Cir. 2001)).

Sindicato Puertorriqueno, 699 F.3d at 8. Without a judgment entered against Welch nor sufficient evidence for this Court to make a determination that Welch intended to injure Lewis, the Court cannot make a determination as to whether the Policy is applicable to the Underlying Action. Nat'l Union Fire Ins. Co. v. Mar. Terminal, Inc., No. 14-cv-14541, 2018 WL 813367, at *4 (D. Mass. Feb. 9, 2018) ("a declaratory judgment as to an insurer's duty to indemnify is not ripe until the underlying action has determined liability or adjudicated factual disputes."). Welch's intent is an issue that must be adjudicated in the Underlying Action before any determination as to Citizen's duty to indemnify any potential damages that might be levied against Welch. Atain Specialty Ins. Co., 387 F. Supp. 3d at 159. "It is not clear what, if any, liability will be imposed on [Welch], or according to what specific theories," therefore, "[t]he issue of indemnification is . . . not ripe for consideration by the Court." Ricchio v. Bijal, Inc., 424 F. Supp. 3d 182, 195 (D. Mass. 2019).

Further, to issue the relief Plaintiff seeks at this stage is premature and may violate the "prohibition against advisory opinions." Sindicato Puertorriqueno, 699 F.3d at 8 (quoting Mangual, 317 F.3d at 59). At a minimum, by issuing a ruling while the Underlying Action is still pending risks the chance of inconsistent judgments if developments in the Underlying Action conflict with any determination the Court would make now on an incomplete record. AIG Prop. Cas. Co. v. Green, 150 F. Supp. 3d 132, 139 (D. Mass. 2015) ("'[t]o eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on the facts to be litigated in the underlying action'") (quoting Montrose Chem. Corp. v. Superior Court, 861 P.2d 1153, 1162 (Cal. 1993)).

Moving to the prudential component of fitness, the courts delay may "see the dissipation of the legal dispute without the need for decision." Mangual, 317 F.3d at 59. Because the

11

Underlying Action has not reached a decision on the merits, it's possible that the Underlying Action could be dismissed, settled, or Welch can succeed on the merits of his defense. If there are no damages levied against Welch, then the Court need not enter a declaratory judgement concerning the Citizens duty to indemnify. Because the issue concerning the intentionality of Welch's actions have yet to be determined, and it is possible that the issue could be resolved without the need for judicial intervention, Citizens has not met the first factor concerning ripeness.

Next, in considering the second ripeness factor, the parties are not prejudiced by having to wait for a ruling until the Underlying Action has resolved. See Partington Builders, 654 F. Supp. 3d 44. The complaint was properly filed within the applicable statute of limitations. By both Parties' accounts, the Underlying Action is close to resolution. [ECF No. 10 at 6–7; ECF No. 14-1 at 5][5]. Both Parties' rights and arguments would be preserved in the event of a stay.

Having concluded the matter is not ripe, the Court may either stay the case under the Underlying Action is resolved, or the Court may dismiss the case without prejudice. See Partington Builders, 654 F. Supp. 3d 44. Accepting the Parties' assertion that the Underlying Action should resolve relatively soon, the Court finds it appropriate to stay the matter rather than dismiss the action. See Hill v. City of Boston, 706 F. Supp. 966, 970 (D. Mass. 1989) (staying pending resolution of underlying suit). The parties may seek leave to update or alter their existing filings if there is a change in circumstances as a result of developments in the Underlying Action.

Accordingly, the motion to dismiss the complaint, ECF No. 5, is **DENIED IN PART and GRANTED IN PART.** As to Welch's request to dismiss the action, the motion is **DENIED.** As to Welch's request to stay the action, the motion is **GRANTED**. The Court presently lacks subject

---

[5] Defendant's memorandum argues that trail was not "scheduled in less than (4) months;" however, given the passage of time defendants estimates of when trial will occur are close. [ECF No. 14-1 at 5].

12

matter jurisdiction, as the case is not ripe. The matter shall be **STAYED** until the conclusion of the Underlying Action. See Partington Builders, 654 F. Supp. 3d at 50 (reserving ruling as to insurer's duty to indemnify pending factual determinations of an underlying action).

### B.     Necessary Party & Attorney's Fees

As the Court is staying the matter pending resolution of the Underlying Action, it declines to reach the merits of Welch's argument that Hanover[6] is a necessary party and likewise defers a decision on Welch's motion for attorney's fees. [ECF No. 6 at 10–12]. The Court will consider these issues once the matter becomes ripe.

### IV.    CONCLUSION

For the foregoing reasons, Defendant's motion is **DENIED IN PART and GRANTED IN PART.** The matter shall be **STAYED** until the conclusion of the Underlying Action. The parties are directed to file notice with the Court within thirty (30) days of the conclusion of the Underlying Action.

**SO ORDERED.**

Dated: February 3, 2026

                                              /s/ Margaret R. Guzman
                                              Margaret R. Guzman
                                              United States District Judge

---

[6] It is unclear which Hanover entity Defendant is referring to in his memorandum. [ECF No. 6 at 9–11]. As asserted by Plaintiff, there are several "Hanover" entities, and none are expressly named in Defendant's motion. [ECF No. 10 at 8].